# United States Court of Appeals
## For the Eleventh Circuit

No. 07-10354 —AA

District Court Docket No.
8 - 04-00315-CV-T-24-EAJ

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jan 11, 2008

THOMAS K. KAHN
CLERK

ROBERT CRAIG WELLS,

      Plaintiff-Appellant,

versus

NORMAN C. CRAMER,
KENNETH L. BURROUGHS,
TERRY R. METTS,
CHRISTOPHER TAYLOR,
JEFFERY S. PREISING,

      Defendants-Appellees.



A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

-----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

-----------------------------------------------------------------

### JUDGMENT

    It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered:     January 11, 2008
For the Court:   Thomas K. Kahn, Clerk
By:     Jackson, Jarvis

ISSUED AS MANDATE

FEB 1 1 2008

U.S. COURT OF APPEALS
ATLANTA, GA.

FILED

08 FEB 13 PM 2: 04
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10354
Non-Argument Calendar
_____

D. C. Docket No. 04-00315-CV-T-24-EAJ

ROBERT CRAIG WELLS,

Plaintiff-Appellant,

versus

NORMAN C. CRAMER,
KENNETH L. BURROUGHS,
TERRY R. METTS,
CHRISTOPHER TAYLOR,
JEFFERY S. PREISING,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 11, 2008)

Before ANDERSON, BIRCH, and HULL, Circuit Judges.

PER CURIAM:

Robert Craig Wells, a Florida prisoner proceeding pro se, appeals the district court's orders denying his motion under Federal Rule of Civil Procedure 59(e) and granting summary judgment in favor of the defendants in Wells's civil rights suit against officers of the Pinellas County Sheriff's Office for excessive force under 42 U.S.C. § 1983. The district court held that Wells's Rule 59(e) motion was filed untimely, but addressed the motion on its merits and denied it. We determine that Wells's motion was timely filed. We also conclude that the district court erred in granting summary judgment to the Appellees and in determining, at this stage of the case, that they are entitled to qualified immunity. For the following reasons, the district court's order is VACATED and this case is REMANDED for further proceedings.

## I. BACKGROUND

Wells filed a pro se civil rights complaint pursuant to § 1983 naming Norman C. Cramer, Kenneth L. Burroughs, Terry R. Metts, Christopher Taylor, Jeffrey S. Preising ("the appellees"), all officers in the Pinellas County Sheriff's Office, as defendants.[1] Wells alleged that the appellees "conspired to fabricate,

---

[1] Wells named Anne S. Rahrer, and Sandra A. Jacobs as additional defendants in his original complaint under § 1983, which was dismissed by the district court. He did not name them in his amended complaint.

falsify and conceal evidence" to justify their use of excessive force against him during his arrest on 19 February 2000. The appellees filed a motion to dismiss, which the district court construed as a motion for summary judgment. In response to the appellees' motion, Wells filed a declaration pursuant to 28 U.S.C. § 1746, signed under penalty of perjury, stating that Cramer tackled him and then the appellees placed him in handcuffs. Wells claimed that after he was handcuffed, the appellees proceeded to beat him while he lay face down on the ground. Wells averred further that the appellees "high-fived" each other while they took turns beating him. (R1-79, Ex. A at 4). The district court granted summary judgment in favor of the appellees. The district court construed Wells's subsequent motion to alter or amend judgment as being filed pursuant to both Rule 59(e) and Federal Rule of Civil Procedure 60(b) and denied the motion as untimely and on its merits.

On appeal, Wells argues that the district court abused its discretion in denying his Rule 59(e) motion because it relied on the appellees' arguments without examining his motion. Further, Wells asserts that his motion was timely filed because intervening Saturdays, Sundays, and holidays did not count towards the ten-day filing period. Finally, Wells contends that his motion was an appropriate filing to address the district court's legal errors. The appellees concede that the district court abused its discretion in finding that Wells's motion was

3

untimely and request that we remand the case to the district court for further consideration.

## II. DISCUSSION

We review the denial of a Rule 59(e) motion for an abuse of discretion. Lambert v. Fulton County, Ga., 253 F.3d 588, 598 (11th Cir. 2001). "'A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. A district court may also abuse its discretion by applying the law in an unreasonable or incorrect manner.'" Klay v. Humana, Inc., 382 F.3d 1241, 1251 (11th Cir. 2004) (citation omitted). We hold pro se pleadings to a less stringent standard than pleadings drafted by attorneys and construe them liberally. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Issues not raised in a party's brief are considered abandoned. Doe v. Dekalb County Sch. Dist., 145 F.3d 1441, 1445 n.4 (11th Cir. 1994).

A. Timeliness of Wells's Rule 59(e) Motion

An appellant has ten days from the entry of a judgment to file a timely rule 59(e) motion. See Fed. R. Civ. P. 59(e). A court must exclude intervening holidays, Saturdays, and Sundays when calculating time periods of eleven days or less. Fed. R. Civ. P. 6(a)(2). "The "mailbox rule" allows a pro se prisoner's filings

4

to be dated as of the date the prisoner delivers it to prison authorities or places it in the prison mail system. See e.g., Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (holding that a pro se prisoner's motion to vacate is deemed filed on the date he delivers it to prison authorities for mailing). A timely-filed Rule 59(e) motion tolls the time period for filing a timely notice of appeal. Fed. R. App. P. 4(a)(4)(iv).

In this case, the district court abused its discretion in ruling that Wells's motion to alter or amend judgment was untimely. The district court entered its judgment on 14 November 2006. Wells filed his motion on 29 November 2006, when he gave it to prison authorities. Excluding the Thanksgiving holiday and intervening Saturdays and Sundays, Wells had until 29 November 2006 to file his motion with prison authorities to file a timely motion. Therefore, the district court abused its discretion in ruling that Wells's motion was untimely.[2] Nevertheless, the district court addressed and ruled on the merits of Wells's motion. The district court stated that, because Wells did not offer "anything legally or factually new to warrant further review[,] . . . [h]is motion . . . fails to demonstrate a basis for relief." (R1-88 at 3). Therefore, even though the district court incorrectly

_____

[2] We have jurisdiction over the underlying order granting summary judgment because Wells's timely post-judgment motion tolled the time period to file a notice of appeal. Fed. R. App. P. 4(a)(4)(iv).

calculated the time Wells had to file a Rule 59(e) motion, the error was harmless,
and we are not required to remand the case on this ground. Accordingly, we may
review the district court's underlying order granting the appellees summary
judgment.

B. Excessive Force

Wells argues that the district court erred in granting summary judgment to
the appellees because his allegations of excessive force were unrelated to his
attempts to evade the appellees by car and on foot. Further, Wells maintains that
he posed no threat to others and claims that the appellees' actions were not
objectively reasonable. Finally, Wells contends that his declaration created a
material dispute of fact concerning the manner in which the appellees effected his
arrest.[3]

We review de novo a district court's grant of summary judgment, viewing
all evidence and inferences in a light most favorable to the non-moving party.
Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276-77 (11th Cir. 2001).
"'Summary judgment is appropriate when there are no genuine issues of material
fact and the movant is entitled to judgment as a matter of law.'" Id. at 1277
(citation omitted). When considering a motion for summary judgment, all

---

[3] On appeal, Wells does not argue that the appellees were deliberately indifferent to his
medical needs, so we do not consider this claim.

reasonable doubts about the facts are resolved in favor of the nonmovant.  <u>Burton</u> <u>v. City of Belle Glade</u>, 178 F.3d 1175, 1187 (11th Cir. 1999).  "'Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant.  For factual issues to be considered genuine, they must have a real basis in the record.'"  <u>Mize v. Jefferson City Bd. of Educ.</u>, 93 F.3d 739, 742 (11th Cir. 1996) (citation omitted).  If the initial burden is met, then the non-moving party may not rest on his pleadings, but must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file', designate 'specific facts showing that there is a genuine issue for trial'" in order to avoid summary judgment.  <u>Graham v. State Farm Mut. Ins.</u> <u>Co.</u>, 193 F.3d 1274, 1281-82 (11th Cir. 1999) (per curiam) (citation omitted).

Though the facts alleged in an inmate's sworn pleading are sufficient to defeat a motion for summary judgment and a separate affidavit is not necessary, mere conclusions and unsupported factual allegations are legally insufficient to defeat summary judgment.  <u>Sammons v. Taylor</u>, 967 F.2d 1533, 1544 n.5 (11th Cir. 1992).  Unsworn statements, even from <u>pro</u> <u>se</u> parties, should not be considered "in determining the propriety of summary judgment."  <u>Gordon v.</u> <u>Watson</u>, 622 F.2d 120, 123 (5th Cir. 1980) (per curiam).  Federal law, however, does provide an alternative to making a sworn statement, but requires that the

statement include a handwritten averment, signed and dated, that the statement is true under the penalties of perjury.  See 28 U.S.C. § 1746.

"The Fourth Amendment provides the right to be 'free from the use of excessive force in the course of an investigatory stop or other "seizure" of the person.'"  Beshers v. Harrison, 495 F.3d 1260, 1265 (11th Cir. 2007) (citation omitted).  To establish an excessive-force claim, the plaintiff must establish that he was "seized" within the meaning of the Fourth Amendment.  Id.  A Fourth Amendment seizure occurs when "'there is a governmental termination of freedom of movement through means intentionally applied.'"  Id.  "[A] "[s]eizure" alone is not enough for § 1983 liability; the seizure must be 'unreasonable.'"  Id. at 1266 (alterations in original) (citation omitted).  The "reasonableness" inquiry is objective: "'the question is whether the officer's actions are "'objectively reasonable'" in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.'"  Id.(citation omitted).

A court must view the facts from the "'perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight'" and must allow "'for the fact that police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation.'"  Id. (citation omitted).  In

assessing the reasonableness of the use of force a court must consider a number of factors, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Lee v. Ferraro, 284 F.3d 1188, 1197-1198 (11th Cir. 2002). We have recognized "that the typical arrest involves some force and injury." Rodriguez v. Farrell, 280 F.3d 1341, 1351 (11th Cir. 2002).

In Lee, we held that a police officer used excessive force and was not entitled to qualified immunity, even though he was lawfully permitted to arrest the plaintiff and secure her with handcuffs. Lee, 284 F.3d at 1199. After securing the plaintiff with handcuffs, the police officer had slammed the plaintiff's head against the trunk of her car, even though she was not resisting the officer. Id. at 1191. We determined that the plaintiff posed no threat to the officer after she was arrested and secured in handcuffs, so the force the officer used after the arrest was unnecessary and disproportionate. Id. at 1198.

On the record in this case, we conclude that the district court reversibly erred by granting summary judgment to the appellees. Wells alleges sufficient facts to create a genuine dispute of material fact when viewing these facts in a light most favorable to Wells. The evidence shows that the appellees seized Wells when

Cramer tackled him following the low-speed chase because Cramer had intentionally terminated Wells's freedom of movement.  The appellees presented several affidavits and testimony showing that they used force only in their attempts to place the resisting Wells in handcuffs.  The appellees also alleged facts showing that Wells was an immediate threat to the safety of others and that he evaded arrest by flight.  Wells, however, filed a declaration, made under penalty of perjury, as required by 28 U.S.C. § 1746, that the appellees immediately handcuffed him after tackling him, and then continued to beat him as he lay on the ground.  Wells never actually averred that he was no longer resisting arrest after he was handcuffed. However, he does aver that he was lying face down on the ground, and the police officers were "high-fiving" each other.  (R1-79, Ex. A at 4).  Thus, drawing reasonable inferences in Wells's favor, we can infer that Wells was no longer resisting arrest.

Wells's sworn pleadings and exhibits create a genuine dispute of material fact as to whether the appellees used a reasonable amount of force when arresting him.  While the level of force used by the officers, as alleged by Wells, may have been justified before the appellees placed him in handcuffs, that level of force may not have been justified once Wells was handcuffed and had ceased resisting because he may have ceased to pose a threat to the officers.  Further, Wells

10

provided photographs showing injuries to his face and back that could have been sustained, as the appellees allege, in Wells being tackled, or during the beating that Wells describes. Wells's declaration that he was handcuffed and no longer resisting arrest when he was beaten creates a genuine issue of material fact and, therefore, the district court erred in granting the appellees summary judgment on Wells's excessive force claim.

C. Qualified Immunity

Finally, Wells argues that the district court erred in finding that the appellees are entitled to qualified immunity as to Wells's excessive-force claim. When reviewing the grant of qualified immunity at the summary judgment stage, we must "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004). Qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates "'clearly established statutory or constitutional rights of which a reasonable person would have known.'"[4] Hope v. Pelzer, 536 U.S. 730, 739, 122

---

[4] On appeal, Wells does not challenge the district court's conclusion that the appellees were acting in their discretionary authority when they apprehended him following a low speed chase. He argues only that they violated clearly established law in subjecting him to excessive force.

11

S. Ct. 2508, 2515 (2002) (citation omitted).  To be eligible for qualified immunity, government officials must show that they were acting within their discretionary authority.  Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003).  The Supreme Court created a two-part analysis to determine whether a grant of qualified immunity is appropriate.  Id.  The threshold question is whether the alleged facts demonstrate that the defendants violated any constitutional rights of the plaintiff. Id.  If a constitutional violation is alleged, the final step of the qualified immunity analysis is whether the right was clearly established.  Id.  We must ask whether, at the time the violation occurred, "every objectively reasonable police officer would have realized the acts violated already clearly established federal law."  Garrett v. Athens-Clarke County, Ga., 378 F.3d 1274, 1279 (11th Cir. 2004) (per curiam).

A party can show that the law clearly established that particular conduct was unconstitutional through several methods.  Vinyard v.Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002).  First, using the "obvious clarity" approach, a plaintiff can show that a federal constitutional provision or statute is so clear, and the conduct so bad, that case law is not needed to establish that the conduct cannot be lawful.  Id.  We have issued several decisions holding that an official's conduct was "'far beyond the hazy border between excessive and acceptable force,'" and thus, facially violated the Fourth Amendment.  Id. at 1350 n.18 (citation omitted); see e.g.,

Slicker v. Jackson, 215 F.3d 1225, 1233 (11th Cir. 2000) (concluding, without case law on point, that the evidence, if credited, suggested "the officers used excessive force in beating [the plaintiff] even though he was handcuffed and did not resist, attempt to flee, or struggle with the officers in any way").  Second, if the conduct is not so egregious as to facially violate a constitutional provision, we look to case law to find a broad principle concerning such conduct, untied to particularized facts, that clearly establishes the law applicable in the future to different facts. Vinyard, 311 F.3d at 1351.  Third, a plaintiff can point to a materially similar case that has already been decided in which the particular conduct, in similar circumstances, was unconstitutional.  Id. at 1351-52.  On the facts of this case, Smith v. Mattox, 127 F.3d 1416 (11th Cir. 1997) (per curiam), is materially similar.  Smith, when confronted by a police officer conducting a drug operation, raised a baseball bat at the officer and then dropped the bat and fled.  Id. at 1418. When Smith was later surrounded by that officer and other police officers, he pretended to run and then suddenly "docilely submitted to arrest."  Id.  Once Smith was on the ground, Mattox put his knee on Smith's back to handcuff him and pulled Smith's forearm such that it caused him to complain of discomfort.  Smith then heard Mattox grunt before the officer delivered a blow that broke Smith's arm in multiple places.  We held that Mattox's grunt and his blow to Smith's arm,

13

coupled with the severity of Smith's injury, showed, at the summary judgment stage, that Mattox had violated clearly established law. Id. at 1419. We assumed Smith's facts as true, and determined that (1) Smith's lack of resistance at the time of the blow; (2) Mattox's grunt; (3) Smith's sensation that he received a "blow"; and (4) the broken arm showed that Mattox's use of force was clearly unconstitutional. Id. at 1420.

Viewing the evidence in a light most favorable to Wells, we find that the district court erred in finding that the appellees are entitled to qualified immunity at the summary judgment stage. Further, as we have explained, Wells produced sufficient evidence to show the appellees violated his Fourth Amendment rights by attesting that they severely beat him after he had been placed in handcuffs. The appellees' conduct, as alleged by Wells, facially violates the Fourth Amendment with obvious clarity and violates clearly established law in view of our decision in Smith. Therefore, the district court erred in granting the appellees summary judgment on qualified immunity grounds.

### III. CONCLUSION

Wells appeals the district court's orders denying his motion under Federal Rule of Civil Procedure 59(e) and granting summary judgment in favor of the defendants in Wells's civil rights suit against police officers of the Pinellas County

14

Sheriff's Office for excessive force under 42 U.S.C. § 1983. The district court erred by finding that Wells's Rule 59(e) was filed untimely. The district court also erred in granting summary judgment to the appellees on Wells's excessive force claim and in finding that they are entitled to qualified immunity at this stage of the litigation. Accordingly, we vacate the district court's order and remand this case for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By.
Deputy Clerk
Atlanta, Georgia

15